UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TADIEM, INC., d/b/a BENSIMON BYRNE,<br><br>                                  Plaintiff,<br>v.<br><br>CONSTELLATION BRANDS, INC.,<br><br>                                  Defendant. | **ANSWER AND COUNTERCLAIMS**<br><br>Civil Action No. 19-cv-6215 (CJS) |

      Defendant Constellation Brands, Inc. ("Constellation"), by its attorneys Nixon Peabody LLP, for its Answer and Counterclaims to the Complaint of Tandiem, Inc., d/b/a Bensimon Byrne ("Bensimon Byrne"), alleges as follows:

      1.      Denies the allegations in Paragraph 1 of the Complaint.

      2.      Denies the allegations in Paragraph 2 of the Complaint.

      3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, except denies that Constellation engaged in any commercial bullying tactics.

      4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, except admits that Bensimon Byrne is in the advertising business.

      5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

      6.      Admits the allegations in Paragraph 6 of the Complaint, except denies that Constellation sells Corona Extra or Modelo Especial in several international markets.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, except admits, upon information and belief, that Advertising Audit & Risk Management ("AARM") performs compliance and financial management review services.

8. In response to Paragraph 8 of the Complaint, states that it contains conclusions of law to which no response is required, except admits that Constellation is a citizen of the United States and, upon information and belief, that Bensimon Byrne is a citizen of a foreign state.

9. In response to Paragraph 9 of the Complaint, admits that on or about May 26, 2016, Bensimon Byrne and Constellation entered into a Master Services Agreement ("MSA"), and respectfully refers the Court to that document for the accurate and complete terms thereof.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, states that it contains conclusions of law to which no response is required, except admits that a substantial part of the events described in the Complaint occurred in this judicial district.

12. In response to Paragraph 12 of the Complaint, states that it contains conclusions of law to which no response is required, except admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, except admits that Constellation worked with Bensimon Byrne on numerous advertising projects.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, except admits that the relationship between Constellation and Bensimon Byrne expanded over time.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, except admits that, Constellation and Bensimon Byrne transitioned to a retainer-based compensation system.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, except admits that, over time, the relationship between Constellation and Bensimon Byrne expanded.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, except admits that Constellation paid Bensimon Byrne for the minimum annual hours requirement.

25. Admits the allegations in Paragraph 25 of the Complaint.

26. Admits the allegations in Paragraph 26 of the Complaint, except denies that Constellation agreed to "defray" any payment until a later date.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, except admits that, over time, the relationship between Constellation and Bensimon Byrne expanded.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, except admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

29. Admits the allegations in Paragraph 29 of the Complaint.

30. In response to Paragraph 30 of the Complaint, admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

31. In response to Paragraph 31 of the Complaint, admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

32. In response to Paragraph 32 of the Complaint, admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

33. In response to Paragraph 33 of the Complaint, admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

34. In response to Paragraph 34 of the Complaint, admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

35. Denies the allegations contained in Paragraph 35 of the Complaint, except admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

36. Admits the allegations contained in Paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, except admits that negotiation of the individual statements of work under the MSA was an iterative process.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, except admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

40. In response to Paragraph 40 of the Complaint, admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, except admits that, on certain occasions,

Constellation requested Bensimon Byrne to perform work outside the scope of a particular statement of work.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, except admits that, when Constellation requested Bensimon Byrne to perform work outside the scope of a particular statement of work, Constellation paid Bensimon Byrne for the work performed, if that work was done in accordance with the MSA.

43. Denies the allegations in Paragraph 43 of the Complaint.

44. Denies the allegations in Paragraph 44 of the Complaint.

45. In response to Paragraph 45 of the Complaint, admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

46. In response to Paragraph 46 of the Complaint, admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

47. In response to Paragraph 47 of the Complaint, admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

48. In response to Paragraph 48 of the Complaint, admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

49. In response to Paragraph 49 of the Complaint, admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

50. In response to Paragraph 50 of the Complaints admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint, except admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint, except admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint.

57. Admits the allegations contained in Paragraph 57 of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, except denies that Bensimon Byrne was "still under contract for SVEDKA creative under the MSA," and admits that Constellation considered an RFP process for the SVEDKA creative work and communicated that fact to Bensimon Byrne.

60. In response to Paragraph 60 of the Complaint, Constellation admits that it did not provide any notice of termination under the MSA, but denies that any such notice of termination was required under the MSA.

61. Admits the allegations contained in Paragraph 61 of the Complaint.

62. Denies the allegations in Paragraph 62 of the Complaint, except admits that Bensimon Byrne made a pitch to keep the SVEDKA creative work in early March 2018.

63. Denies the allegations in Paragraph 63 of the Complaint, except admits that, despite giving Bensimon Byrne a second opportunity, Constellation decided that it would undergo an RFP process for the SVEDKA creative work.

64. In response to Paragraph 64 of the Complaint, Constellation admits that it did not provide any notice of termination under the MSA, but denies that any such notice of termination was required under the MSA.

65. Denies the allegations in Paragraph 65 of the Complaint, except admits that Constellation initially refused to pay Bensimon Byrne for the speculative pitch it made to keep the SVEDKA creative work.

66. Denies the allegations in Paragraph 66 of the Complaint.

67. Denies the allegations in Paragraph 67 of the Complaint, except admits that Constellation was initially willing to have Bensimon Byrne continue working on certain SVEDKA social and digital creative, and buying and planning work.

68. Denies the allegations in Paragraph 68 of the Complaint.

69. Denies the allegations in Paragraph 69 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Bensimon Byrne's intentions.

70. Denies the allegations in Paragraph 70 of the Complaint.

71. Denies the allegations in Paragraph 71 of the Complaint.

72. Denies the allegations in Paragraph 72 of the Complaint, except admits that, in or around May 2018, Jim Sabia became chief marketing officer for Constellation's beer, wine and spirits businesses.

73. Denies the allegations in Paragraph 73 of the Complaint, except admits that Constellation notified Bensimon Byrne in July 2018 that it was terminating Bensimon Byrne's role with SVEDKA social and digital creative, and buying and planning work.

74. Denies the allegations in Paragraph 74 of the Complaint.

75. Denies the allegations in Paragraph 75 of the Complaint.

76. Denies the allegations in Paragraph 76 of the Complaint, except admits that, over the course of the relationship between Constellation and Bensimon Byrne, Constellation's procurement function became more involved in negotiating and managing statements of work under the MSA.

77. Denies the allegations in Paragraph 77 of the Complaint, except admits that, over the course of the relationship between Constellation and Bensimon Byrne, Constellation's procurement function became more involved in negotiating and managing statements of work under the MSA.

78. Denies the allegations in Paragraph 78 of the Complaint, except admits that, Constellation retained AARM to audit fees, charges and expenses Bensimon Byrne billed to Constellation.

79. Denies the allegations in Paragraph 79 of the Complaint.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint.

81. Denies the allegations in Paragraph 81 of the Complaint.

82. Denies the allegations in Paragraph 82 of the Complaint.

83. Denies the allegations in Paragraph 83 of the Complaint.

84. Denies the allegations in Paragraph 84 of the Complaint.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint, except admits that, during the course of calendar year 2018, Constellation terminated its relationship with Bensimon Byrne.

86. Denies the allegations in Paragraph 86 of the Complaint, except admits that in July 2018, Constellation terminated Bensimon Byrne's role with SVEDKA social and digital creative and buying and planning work.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint, except admits that Constellation terminated Bensimon Byrne's role with respect to Constellation's wine brands, except for certain holiday media buying assignments for Constellation's Ruffino brand.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint, except admits that Constellation terminated Bensimon Byrne's role with respect to the Ruffino brand in October 2018.

89. Denies the allegations in Paragraph 89 of the Complaint, except admits that Constellation and Bensimon Byrne had numerous communications regarding their respective positions on Bensimon Byrne's request for additional payments.

90. Denies the allegations in Paragraph 90 of the Complaint.

91. Denies the allegations in Paragraph 91 of the Complaint.

92. Admits that Bensimon Byrne commenced this action on or about March 21, 2019.

## FIRST CLAIM
### (Breach of Contract)

93. In response to Paragraph 93 of the Complaint, repeats and realleges its responses to the allegations in Paragraphs 1 through 92 of the Complaint as if fully set forth herein.

94. Admits the allegations in Paragraph 94 of the Complaint.

95. Denies the allegations in Paragraph 95 of the Complaint.

96. Denies the allegations in Paragraph 96 of the Complaint.

97. Denies the allegations in Paragraph 97 of the Complaint.

98. Denies the allegations in Paragraph 98 of the Complaint.

99. Denies the allegations in Paragraph 99 of the Complaint.

## SECOND CLAIM
### (In the Alternative – Breach of Implied Covenant of Good Faith an Fair Dealing)

100. In response to Paragraph 100 of the Complaint, repeats and realleges its responses to the allegations in Paragraphs 1 through 92 of the Complaint as if fully set forth herein.

101. In response to Paragraph 101 of the Complaint, admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

102. In response to Paragraph 102 of the Complaint, admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

103. In response to Paragraph 103 of the Complaint, admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

104. Denies the allegations in Paragraph 104 of the Complaint.

105. Denies the allegations in Paragraph 105 of the Complaint.

106. Denies the allegations in Paragraph 106 of the Complaint.

107. Denies the allegations in Paragraph 107 of the Complaint.

108. Denies the allegations in Paragraph 108 of the Complaint.

109. Denies the allegations in Paragraph 109 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Bensimon Byrne's intentions.

110. Denies the allegations in Paragraph 110 of the Complaint.

111. In response to Paragraph 111 of the Complaint, admits that the parties entered into the MSA and respectfully refers the Court to that document for the accurate and complete terms thereof.

112. Denies the allegations in Paragraph 112 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Bensimon Byrne's intentions.

113. Denies the allegations in Paragraph 113 of the Complaint.

Constellation denies each and every other allegation, conclusion, statement, request, prayer for relief or other provision contained in the Complaint not specifically admitted or controverted herein, including each and every separate paragraph of the "Wherefore" clauses contained in the Complaint.

## ADDITIONAL DEFENSES

Constellation asserts the following defenses as additional or affirmative defenses. In asserting these defenses, Constellation does not assume the burden of proof with respect to any issue as to which the applicable law puts the burden upon Bensimon Byrne. Constellation expressly reserves the right to assert any and all other defenses that may be determined to exist throughout the course of this Action.

## AS AND FOR A FIRST DEFENSE

Bensimon Byrne's claims fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

Bensimon Byrne's claims are barred by the doctrines of waiver, estoppel, laches, unclean hands and/or election of remedies.

## AS AND FOR A THIRD DEFENSE

Bensimon Byrne's damages, if any, were caused, in whole or in part, by Bensimon Byrne's own conduct.

## AS AND FOR A FOURTH DEFENSE

Bensimon Byrne failed to mitigate its alleged damages.

## AS AND FOR A FIFTH DEFENSE

Each of Bensimon Byrne's claims are barred, limited or restricted by the MSA.

## AS AND FOR A SIXTH DEFENSE

Each of Bensimon Byrne's claims is barred, limited, or restricted by the doctrine of setoff.

## AS AND FOR A SEVENTH DEFENSE

To the extent that Bensimon Byrne has sustained any damages, which Constellation denies, those alleged losses were not directly or proximately caused by any action or inaction alleged in the Complaint.

## AS AND FOR A EIGHTH DEFENSE

Constellation at all times acted in good faith and with a proper business purpose.

## AS AND FOR AN NINTH DEFENSE

Constellation has substantially performed its obligations under any and all agreements with Bensimon Byrne.

## AS AND FOR A TENTH DEFENSE

Bensimon Byrne has sustained no legally cognizable damage by virtue of any actions alleged in the Complaint.

## AS AND FOR A ELEVENTH DEFENSE

Bensimon Byrne's claims are barred, in whole or in part, by the statute of limitations.

## AS AND FOR A TWELFTH DEFENSE

Bensimon Byrne's claims are barred, limited or restricted by provisions in the MSA.

## COUNTERCLAIMS

Constellation, by its attorneys Nixon Peabody LLP, asserts counterclaims against Bensimon Byrne as follows.

## NATURE OF THE CASE

1. These Counterclaims concern Bensimon Byrne's breaches of contract, unjust enrichment and other wrongful conduct in connection with Bensimon Byrne overbilling Constellation for fees, charges and expenses under the Master Services Agreement entered into

between Bensimon Byrne and Constellation on or about May 26, 2016 (the "MSA"). A copy of the MSA is attached hereto as Exhibit A.

## PARTIES

2. Constellation is a Delaware corporation with its principal place of business at 207 High Point Drive, Victor, New York. Constellation is in the business of producing and selling beverage alcohol products, including beer, wine and distilled spirits.

3. Upon information and belief, Bensimon Byrne is a company with a principal place of business at 225 Wellington Street West, Toronto, Ontario, Canada. Bensimon Byrne is an advertising agency.

## JURISDICTION AND VENUE

4. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), in that this action is between Constellation, which is a citizen of the United States, and Bensimon Byrne, which is a citizen of a Canada, a foreign state.

5. Additionally, under the MSA, the parties "agree[d] and consente[ed] that jurisdiction and venue of all matters relating hereto shall be vested exclusively in the federal, state, and local courts sitting at Rochester, New York."

6. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this litigation occurred in this judicial district. Venue is also proper pursuant to the MSA between the parties.

## FACTUAL BACKGROUND

8. Constellation is one of the largest manufacturers in the world of beverage alcohol products, including beer, wine, and distilled spirits, both domestically and internationally.

9. In or about May 2016, Constellation entered into the MSA with Bensimon Byrne. Under the MSA, Constellation retained Bensimon Byrne to provide certain advertising, digital and media planning and buying services on a non-exclusive basis.

10. Pursuant to Section 3(a) of the MSA, Bensimon Byrne was required to bill Constellation "for all agreed upon Services at the fees set forth in one or more Scope(s) of Work (the 'Fee(s)')."

11. Additionally, pursuant to Section 3(b) of the MSA, Bensimon Byrne was entitled to bill Constellation for expenses related to its work. Such related expanses "must be pre-approved by [Constellation] in writing." Also under Section 3(b) of the MSA, "[i]nvoices for all pre-approved additional or related expenses, … will include itemized direct, out-of-pocket expenses incurred by" Bensimon Byrne. Collectively, fees and expenses Bensimon Byrne billed to Constellation will be referred to herein as "Charges."

12. Under Section 3(d) of the MSA, the parties agreed that "[u]nless otherwise agreed upon between the Parties in writing, the Parties acknowledge and agree that the Fee(s) as set forth in all Scope(s) of Work are [Constellation's] entire payment obligation in connection with the Services provided under the [MSA]."

13. Pursuant to Section 19 of the MSA, Constellation had the right to audit the Charges Bensimon Byrne billed to Constellation. Under Section 19(b) of the MSA,

> If any audit reveals that [Bensimon Byrne] has overcharged [Constellation], overcounted User Events, improperly withheld remittance from third-party suppliers, or failed to pass-through credits to [Constellation], [Bensimon Byrne] shall refund such

overcharge ("Overcharge") to [Constellation] within ten (10) days after receipt of the audit report.

14. Additionally, pursuant to Section 19(c) of the MSA,

> The exercise by [Constellation] of its right to audit at any time, or the acceptance by [Constellation] of any statement or the payment thereof shall be without prejudice to any of [Constellation]'s other rights or remedies and shall not bar [Constellation] from thereafter timely disputing the accuracy of any payment or statement, and [Bensimon Byrne] shall remain fully liable for any amounts found to be due under this Agreement.

15. Pursuant to Section 19 of the MSA, Constellation retained AARM, a company that specializes in reviewing advertising agency fees and expenses, to conduct a compliance and financial management review of the Charges Bensimon Byrne had billed to Constellation.

16. AARM reviewed the Charges Bensimon Byrne had billed to Constellation along with the available supporting documentation.

17. Based on that compliance and financial management review, AARM determined that Bensimon Byrne had overcharged Constellation by approximately $577,000 in Charges.

18. Based on Section 19 of the MSA, Constellation demanded that Bensimon Byrne refund to Constellation all such overcharges.

19. To date, Bensimon Byrne has refused to refund approximately $369,000 in overcharges.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

20. Constellation repeats and realleges each and every allegation contained in paragraphs 1 through 19 above as if fully set forth herein.

21. The MSA is a valid and binding contract between Constellation and Bensimon Byrne.

22. At all relevant times, Constellation has satisfied its duties and obligations under the MSA.

23. Bensimon Byrne has breached its obligations under the MSA including, but not limited to, overcharging Constellation for the Charges and refusing to refund such overcharges upon demand

24. Bensimon Byrne's breach of the MSA has caused Constellation injury in an amount to be determined at trial including as alleged in paragraph 19, above.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Unjust Enrichment)**

25. Constellation repeats and realleges each and every allegation contained in paragraphs 1 through 19 above as if fully set forth herein.

26. Bensimon Byrne was unjustly enriched by overcharging Constellation on Charges and retaining the use of those funds despite due demand.

27. At this time, the damages associate with Bensimon Byrne's unjust enrichment total approximately $369,000, although the final amount will be determined at trial.

WHEREFORE, Constellation respectfully requests that the claims asserted by Bensimon Byrne in its Complaint be denied in their in their entirety, the counterclaims asserted by Constellation be granted in their entirety, and judgment be entered in Constellation's favor and against Bensimon Byrne, awarding Constellation (a) damages in an amount to be determined at trial; (b) reasonable attorneys' fees pursuant to the indemnification provisions of the MSA; (c) costs, disbursements and interest; and (d) such other and further relief as this Court deems just and proper.

Dated: April 26, 2019

NIXON PEABODY LLP

By: */s/ Richard A. McGuirk*
Richard A. McGuirk
1300 Clinton Square
Rochester, New York 14604
Telephone: (585) 263-1000
rmcguirk@nixonpeabody.com

*Attorneys for Defendant Constellation Brands, Inc.*

4848-6815-6308.3